Hoffman, J.—
The evidence of the defendant must be treated as entitled to credit, and it proves the case of a condition affixed to the agreement to purchase the note; of a positive false representation by Mills, that the fact had occurred upon which the condition rested, and the purchase was to be made; and of the consummation of the bargain upon the faith of that unequivocal representation.
Whether Mills knew that the note referred to was unpaid or not, is immaterial. He undertook to state, as a fact, that it had been paid, being fully apprised that the defendant would not otherwise take the note in question.
If Mills, the payee of the check, were the plaintiff, it would be impossible to hesitate a moment in denying a recovery; or had Hotchkiss made the representations, the plaintiff would clearly have been affected by them. His authority was to sell the note. What he said or did, in relation to such sale, was within the scope of his power. (Sandford v. Handy, 23 Wendell, 265.)
What is the effect of the representations being made by Mills, employed by Hotchkiss ?
It is true, that a factor or agent, entrusted with a particular duty, cannot delegate his power, and commit the discharge of that duty to another. The brief note of the case of Moffat v. Wood, (Selden’s Notes of Cases, Court Appeals, December, 1853,) recognizes this rule.
But can the plaintiff, upon the facts as proved, receive this check from Mills, drawn payable to his order, obtained by his fraud, and be exempt from any liability for that fraud, and profit by it ? Chamberlain had no knowledge, as far as appears, but that Mills was the actual owner, or that he was not dealing for an immediate principal.
*233 The plaintiff knew that Mills must have had some part in the negotiation of the sale, as the cheek was in his favor.
No doctrine would tend more effectually to promote the success of deception, and secure its fruits, than to hold, that a fraud practised by a servant or clerk of an agent employed to sell property, is not a ground of relief, when, if perpetrated by the actual agent, it would be sufficient.
The well-considered case of Fitzsimmons v. Joslyn, (21 Vermont, 129,) bears strongly upon this question.. Creditors of a merchant had declined to sell him more goods; had referred him to another merchant, and had represented to the latter the good credit of the former. The merchant then sold him goods. The purchaser became insolvent. ,
It was held, that he was responsible for the statements of his creditors, and as the vendor was cheated by means for which he was responsible, such vendor could sustain trover for the goods, which were in the hands of the sheriff.
The proposition of Chief-Justice Redfield is thus expressed:—- “ With regard to representations made by others without authority at the time, the person who takes advantage of the influence of such false representations to obtain an unjust contract, or who adopts a contract made for his benefit, through the instrumentality of fraudulent representations, becomes himself a principal in the fraud, and it is the same as if he had made the representations himself.”
That there may be cases of representations made by persons so utterly disconnected from the party, as to exempt him from any responsibility for them, need not be contested. But when, as in the present case, there is a direct connection; when the fraud was practised by the servant of the actual agent, and when the party is, or ought to be aware of such employment, it cannot be allowed that the principal may shelter himself beneath the plea of his ignorance of the fraud.
A new trial should be granted, with costs to abide the event.
Bosworth, J.
—When an agent, during and in the very course of a transaction, makes a false representation, though without actual fraud, of a matter- which he declares to be within his personal knowledge, the principal cannot claim or hold any advantage *234 therefrom, hut the party dealing with such agent may rescind the transaction as soon as he discovers the untruth, and may then recover back any money paid, or property delivered. (Parson’s Merc. Law, 152.)
Within this rule, Mills is to be deemed the agent of the plaintiff, although not employed by him. He has no title to the check, except by force of the transaction between Mills and the defendant. That the latter has a right to annul. (New trial granted with costs to abide the event.)